IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PAUL WINDOM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:10-CV-407 (MTT) |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) ) ) ) |
| Defendant. | ) ) ) |

## ORDER

This matter is before the Court on the Defendant's Motion to Certify this Court's Order (Doc. 47) for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b), Motion for Expedited Briefing Schedule, Motion to Amend the Court's Order, and Motion to Stay. (Doc. 48).

Pursuant to 28 U.S.C. § 1292(b), an interlocutory appeal is appropriate when "it involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Eleventh Circuit has made clear that there is a strong presumption against interlocutory appeals, calling them a "rare exception." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004). Further, section "1292 is intended to be used sparingly and only in exceptional cases where a speedy appeal would avoid protracted litigation." *United States v. American Intercontinental University, Inc.*, 756 F. Supp. 2d 1374, 1378 (N.D. Ga. 2010).

Here, the Defendant seeks to appeal the Court's Order denying the Defendant's motion for partial summary judgment on the issue of "whether the requirements of the Safety Appliance Act, 49 U.S.C. § 20301, *et seq.*, apply to a high-rail vehicle (a specially equipped vehicle that can be operated on the roadway or on the railroad line) when the vehicle is not being operated on the railroad carrier's railroad lines." (Doc. 48 at 1-2). As an initial matter, the question the Defendant seeks to appeal is a pure question of law. However, the Order does not involve an issue over which there is a substantial ground for difference of opinion, nor would an immediate appeal materially advance the ultimate termination of the litigation.

First, the "substantial difference of opinion" inquiry can be satisfied if "the issue is difficult and of first impression, a difference of opinion as to the issue exists within the controlling circuit, or the circuits are split on the issue." *American Continental*, 756 F. Supp. 2d at 1378-79. "Neither the lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion." *Id.* at 1379. Although the Defendant correctly asserts that there is no Eleventh Circuit case addressing this issue, the lack of authority does not constitute a substantial ground for difference of opinion. Further, the Defendant points to no case law or legislative history supporting its interpretation of the Safety Appliance Act. Indeed, all case law and legislative history supports this Court's interpretation of the Safety Appliance Act. There is no circuit split on this issue, nor is there a difference of opinion as to the issue among the district courts in the Eleventh Circuit.

Further, an immediate appeal would not materially advance the ultimate termination of this litigation. Materially advancing the termination of the litigation

"means that the resolution of the controlling legal issue would serve to avoid a trial or otherwise substantially shorten litigation."  *McFarlin*, 381 F.3d at 1259.  The Defendant contends that an immediate appeal would advance the ultimate termination of the litigation "by obviating the need for two trials if the Order is reversed," and that "[a]n immediate appeal would also potentially simplify the issues for trial and reduce the number of pre-trial motions and objections during trial."  (Doc. 48-1 at 5).  The Defendant alleges no other facts or theories to support its argument that resolution of the SAA issue would advance the ultimate termination of the litigation.  On the other hand, the Plaintiff alleges that even if the Eleventh Circuit ruled in favor of the Defendant, the Plaintiff can still pursue negligence and negligence per se claims against the Defendant for his injuries.  (Doc. 49).

In *McFarlin*, the Eleventh Circuit reasoned that "[b]ecause permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy."  *McFarlin*, 381 F.3d at 1259.  Here, the case is ready for trial.  Following the trial, the Defendant will have an opportunity to appeal all issues together, rather than in a piecemeal fashion.  The Court determines that proceeding to trial is the best way to advance the ultimate termination of litigation.  *See Palacious v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 2011 WL 4102310, *4 (S.D. Fla.).  This is simply not the type of "rare exception" that is appropriate for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  The Defendant's Motion for Interlocutory Appeal is **DENIED**, and the remaining Motions are deemed **MOOT**.  (Doc. 48).

-4-

**SO ORDERED**, this the 23rd day of July, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT