IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PAUL WINDOM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION FILE |
| | : | NO. 5:10-cv-407 MTT |
| NORFOLK SOUTHERN RAILWAY COMPANY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SATISFY JUDGMENT ON JURY VERDICT ENTERED AUGUST 3, 2012, AND TO STAY ISSUANCE OF WRIT OF EXECUTION AND FOR COURT TO ORDER EXPEDITED BRIEFING AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF SAME**

Plaintiff, by and through counsel, responds to Defendant's Motion to Satisfy Judgment on Jury Verdict Entered August 3, 2012, and to Stay Issuance of Writ of Execution and for Court to Order Expedited Briefing[1] and shows the Court as follows:

**I.   THE RAILROAD RETIREMENT BOARD ("RRB") IS ENTITLED TO REIMBURSEMENT OF $6,233.33**

As an initial matter, Plaintiff agrees and acknowledges that, by statute, the RRB is entitled to reimbursement of the reduced amount of $6,233.23 and the Court should Order Defendant to pay that amount to the RRB promptly.

---

[1] The Court previously ruled on Defendant's request for expedited briefing so Plaintiff does not address that portion of the motion.

## II. DEFENDANT OTHERWISE CANNOT LEGALLY WITHHOLD OR OFFSET ANY AMOUNTS FROM THE JUDGMENT

### A. Defendant Is Not Entitled to the Relief It Seeks – A Credit Against the Judgment

Defendant does not provide any binding authority that even suggests that it is entitled to the relief it seeks: "a credit against the judgment amount of $995.00." In fact, in a Federal Employer's Liability Act (FELA) case, an employee's income is not to be reduced by railroad retirement taxes withheld from his income. Federal Employers' Liability Act, § 1 et seq., 45 U.S.C.A. § 51 *et seq*. *CSX Transp., Inc. v. Levant*, 200 Ga. App. 856, 410 S.E.2d 299 (1991) rev'd, 262 Ga. 313, 417 S.E.2d 320 (1992) and vacated, 208 Ga. App. 438, 431 S.E.2d 482 (1993). Defendant does not cite any statute or case to support its argument that it is entitled to a credit for the amount of tax that would be paid on "past lost wages."

Further and as Defendant points, Defendant terminated Plaintiff's employment which weakens even any argument that this amount should be withheld and paid to the RRB on Plaintiff's behalf. While Defendant's brief on this point is completely lacking any legal citation, Defendant's argument that it is "required" to withhold these funds from the judgment is peppered throughout with conditional language ("If Plaintiff receives a monthly Annuity payment…" (page 3); "it may also trigger" (page 4)). In any event, even if Defendant's argument was correct, Defendant would not be entitled to the "credit against the judgment" it

2

seeks but rather would be required to pay that amount to the RRB for Plaintiff's benefit. That is not what Defendant has moved the Court to do. Defendant's motion as to this point, therefore, should be denied.

### B. Defendant is not Entitled to Deductions for Payments by a Supplemental Sickness Benefits Plan[2]

Defendant's attempt to offset its liability to Plaintiff is a direct violation of the FELA. Under the FELA, "any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void …" 45 U.S.C.A. § 55 (West). Having had judgment entered against it, Defendant is not permitted to offset the liability set forth by the jury by *any* contract and there is nothing to indicate that the Supplemental Sickness Benefits were funded by contributions from Defendant itself, either directly or indirectly. Indeed, the hearsay document Defendant relies on references only the "National Carriers' Conference Committee" and nowhere does the hearsay document even mention Defendant's name.

Next, even if the AETNA and/or the Plan were entitled to subrogation (or Defendant were entitled to subrogate against itself which is what Defendant

---

[2] Moreover and importantly, Defendant's argument that it can avoid its FELA liability based upon the AETNA contract is unsupported by *any* admissible evidence. Every piece of evidence offered by the Defendant is nothing more than inadmissible hearsay and hearsay within hearsay. See Defendant's Exhibits 4 and 5.

appears to be attempting to do), any such subrogation would be subject reduction based upon (1) Georgia's complete compensation rule[3] and (2) the common-fund doctrine[4].  For a self-funded ERISA plan to avoid the complete compensation rule or the common fund doctrine, such plan's subrogation provision must expressly state it can collect from a covered person the proceeds of any full or partial recovery obtained from a third-party tortfeasor, regardless of whether covered person was fully compensated or made whole and it must unambiguously disclaim the common fund doctrine.  Zurich Am. Ins. Co. v. O'Hara, 604 F.3d 1232 (11th Cir. 2010) cert. denied, 131 S. Ct. 943, 178 L. Ed. 2d 755 (U.S. 2011)

---

[3] O.C.G.A. § 33-24-56.1 provides:
> In the event of recovery for personal injury from a third party by or on behalf of a person for whom any benefit provider has paid medical expenses or disability benefits, the benefit provider for the person injured may require reimbursement from the injured party of benefits it has paid on account of the injury, up to the amount allocated to those categories of damages in the settlement documents or judgment, if:
> (1) The amount of the recovery exceeds the sum of all economic and noneconomic losses incurred as a result of the injury, exclusive of losses for which reimbursement may be sought under this Code section; and
> (2) The amount of the reimbursement claim is reduced by the pro rata amount of the attorney's fees and expenses of litigation incurred by the injured party in bringing the claim.

[4] The common fund doctrine provides that "a litigant or lawyer who recovers a common fund for benefit of person other than himself or his client is entitled to reasonable attorney fees from the fund as a whole." Boeing Co. v. Van Gemert, 444 U.S. 472, 100 S. Ct. 745, 62 L. Ed. 2d 676 (1980)

The hearsay document Defendant provides as evidence contains no such express provisions or disclaimers.  Notwithstanding those fatal flaws, the hearsay documents Defendant relies on actually contradict themselves and Defendant's position.  Defendant's *Exhibit 4*, in contradiction to *Exhibit 5*, states in part "If there is a work-related injury or illness, the employing railroad may opt to offset benefits paid under this coverage during settlement."  As the Court knows and as is undisputed by the trial, verdict and judgment, there was no settlement in this case.  Therefore, the plain language in that hearsay document establishes that even if it were not hearsay, it nonetheless would have no application to the judgment.  Simply put, Defendant has not presented any competent proof that it meets the sole, narrow exception to Section 55 of the FELA and the hearsay it does present fails to meet the strict standard demanded by ERISA to avoid the complete compensation rule and the common fund doctrine.  Defendant's motion as to this point, therefore, should be denied.

### III.   CONCLUSION

Defendant is required to reimburse the RRB the reduced amount and the Court should Order Defendant to do so immediately.  Otherwise, Defendant completely fails to satisfy its burden either factually or legally regarding any other relief sought.  Therefore, the Court should deny Defendant's motion as to all remaining relief.

Respectfully submitted this 12th day of October, 2012,

                    **COOK, HALL & LAMPROS, LLP**

             By:   /S/ Andrew Lampros
                     Andrew Lampros, Esq.
                     Ga. Bar # 432328
                     Attorney for Plaintiff

Promenade Two, Suite 3700
1230 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 876-8100

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2012, I electronically filed Plaintiff's Response to Defendant's Motion to Satisfy Judgment on Jury Verdict Entered August 3, 2012, and to Stay Issuance of Writ of Execution and for Court to Order Expedited Briefing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

E. Scott Smith, Esq.
Fisher & Phillips, LLP
Suite 3500
1075 Peachtree St., NE
Atlanta, GA 30309

Mark E. Toth, Esq.
Amanda Morris, Esq.
Hall, Bloch, Garland & Meyer, LLP
PO Box 5088
Macon, GA 31208

This the 12th day of October, 2012.

**Cook, Hall & Lampros, LLP**

By:   /S/ Andrew Lampros
Andrew Lampros, Esq.
GA Bar No.  432328