IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PAUL WINDOM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION |
| | : | NO. 5:10-cv-407 |
| NORFOLK SOUTHERN RAILWAY | : | |
| COMPANY, | : | |
| | : | |
| Defendant. | : | |

_____

**DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY'S
REPLY BRIEF IN SUPPORT OF MOTION TO SATISFY JUDGMENT ON
JURY VERDICT ENTERED AUGUST 3, 2012**

**COMES NOW**, Norfolk Southern Railway Company, by and through its undersigned counsel of record, and hereby submits this reply brief in support of its Motion to Satisfy Judgment on Jury Verdict entered August 3, 2012.

**I.     NORFOLK SOUTHERN IS LEGALLY OBLIGATED TO PAY THE PLAINTIFF'S PORTION OF THE RAILROAD RETIREMENT TAXES AND, THEREFORE, DEFENDANT SHOULD BE ALLOWED TO DEDUCT SAID TAXES FROM THE JUDGMENT.**

Norfolk Southern moved the Court to authorize it to deduct the portion of the Railroad Retirement Tax Act ("RRTA") taxes owed by Plaintiff from the judgment. Plaintiff argues in response that Norfolk Southern should not be permitted to deduct his portion of the RRTA taxes because: (1) an employee's income is not to be reduced by RRTA taxes; (2) Plaintiff forfeited his seniority prior to entry of the judgment; and (3) Norfolk Southern is not entitled to the relief it seeks.  For the reasons that follow, none of Plaintiff's arguments have merit.

The only authority cited by Plaintiff in support of his first argument is *CSX Transportation, Inc. v. Levant*, 200 Ga. App. 856 (1991), which is distinguishable, as it concerned whether the jury should hear evidence of the RRTA taxes owed by the plaintiff.  *Levant* did not consider whether the railroad is entitled to deduct taxes owed by the plaintiff where a judgment for lost wages is entered.  Therefore, Defendant submits *Levant* has no application to this case.

Plaintiff's argument ignores that Norfolk Southern has an obligation under federal law to withhold the railroad retirement taxes when the judgment is satisfied.  Under the RRTA, Norfolk Southern is required to withhold from Plaintiff's "compensation" the employee-funded portion of the RRTA taxes, which the railroad must then pay directly to the Internal Revenue Service along with its employer-funded portion of those taxes.  26 U.S.C. § 3202; *Hance v. Norfolk Southern Railway Company*, 571 F.3d 511, 522 (6th Cir. 2009) ("Railroad employers are 'responsible for withholding the employee's share and also required to pay over both [the employer's and employee's] portions to the IRS.'") (quoting *Chicago Milwaukee Corp. v. United States*, 35 Fed. Cl. 447, 449 (1996), *aff'd*, 141 F.3d 1112 (Fed. Cir. 1998)).

The RRTA defines "compensation" broadly to include money paid for "time lost as an employee" including absence "on account of personal injury."  45 U.S.C. § 231(h)(1-2); <u>RRB Pay For Time Lost From Regular Railroad Employment</u>, Form IB-4 (06-96), at 5.[1]  Thus, "compensation" subject to RRTA taxes includes amounts paid to an employee on a judgment for lost wages on account of personal injury.  *Hance*, 571 F.3d at

---

[1] http://www.rrb.gov/forms/pands/misc/ib4.asp#

523 ("Norfolk Southern will be required to report and pay Tier 1 and Tier 2 taxes on the back pay award, and Hance will receive retirement credit for the time periods covered by the back pay award, putting him in the position he would have been in had he not been discharged."); *Larson v. Wisconsin Central, Ltd.*, 2012 WL 359665, *2 (E.D. Wisc. Feb. 2, 2012) ("The employer railroad must withhold applicable Tier 1 and Tier 2 taxes and the employee's Medicare tax obligations from payment of any judgment."); *Nielsen v. BNSF Railway Company*, Case No. 0807-10580 (Circuit Court of Multnomah County, Oregon 2012) (holding that a jury award for lost wages "is income within the meaning of the RRTA, and that the deduction and payment to the IRS of the $12,863.28 is required by federal law and that, therefore, a satisfaction of the judgment is appropriate.").[2] Accordingly, there is no basis for Plaintiff's argument that an FELA award for lost wages cannot be reduced by the RRTA taxes owed by Plaintiff.

Plaintiff does not provide any support for his second argument that the forfeiture of his seniority rights affects whether he owes RRTA taxes. Plaintiff's argument is the equivalent of an argument that compensation earned prior to an employee's termination but paid after the termination is not subject to taxes. This argument has been unequivocally rejected by the IRS:

> Renumeration for employment ... constitutes wages even though at the time paid the relationship of employer and employee no longer exists between the person and whose employ the services were performed and the individual who performed them.

26 C.F.R. § 31.3121(a)-1(i). Simply stated, whether Plaintiff's recovery of lost wages is

---

[2] A copy of the *Nielsen v. BNSF Railway Company* Order is attached as Exhibit A.

subject to railroad retirement taxes does not turn on when the award is paid.

Finally, Plaintiff argues that even if Norfolk Southern does owe his portion of the RRTA (which it does), Norfolk Southern is not entitled to a credit against the judgment, but should be required to pay his portion of the RRTA taxes to the Railroad Retirement Board ("RRB") for Plaintiff's benefit.  This is not only what Norfolk Southern intends to do, it is what Norfolk Southern is legally required to do under federal law.  Norfolk Southern is not seeking to enrich itself by withholding the amount of taxes owed by Plaintiff.  In fact, if Norfolk Southern's Motion is denied as to this issue, then it is Plaintiff who will receive a windfall at Norfolk Southern's expense, as he will receive compensation that he would not have received if he had not missed time from work.  Accordingly, Norfolk Southern should be allowed to deduct $995.00 from the judgment so that it can satisfy its obligations under federal law.

**II.    UNDER THE FELA AND THE PLAN'S TERMS, NORFOLK SOUTHERN IS ENTITLED TO OFFSET THE JUDGMENT BY THE AMOUNT OF SUPPLEMENTAL SICKNESS BENEFITS PAID TO PLAINTIFF.**

Norfolk Southern moved the Court to authorize it to offset the judgment entered in favor of Plaintiff by the amount of supplemental sickness benefits paid to Plaintiff in accordance with the Supplemental Sickness Benefit Plan entered into between Plaintiff's union and the National Carriers Conference Committee, which represents Norfolk Southern in labor negotiations.  Plaintiff argues in response that Norfolk Southern should not be allowed to offset the judgment by the amount of supplemental sickness benefits paid to him because: (1) such an offset is not permitted under the FELA; (2) any offset should be reduced based upon O.C.G.A. § 33-24-56.1 and/or the common fund doctrine;

and (3) the plan does not apply where there is a judgment rather than a settlement.  For the reasons that follow, none of Plaintiff's arguments have merit.

Although Plaintiff quotes part of 45 U.S.C. § 55, he conspicuously omits the exception to the statute which allows Norfolk Southern to "setoff [] any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought."  45 U.S.C. § 55.  The Supplemental Sickness Benefit Plan falls within this exception, as the plan is "self-funded" by the railroads represented by the National Carriers Conference Committee. (Exhibit "D," p. "i" to Defendant's Motion).[3]  Courts that have analyzed similar plans with similar language have confirmed that the railroad employer is entitled to an offset from any judgment for the amount of benefits paid to the employee.  See *Burlington Northern Railroad Company v. Strong*, 907 F.2d 707, 712-714 (7th Cir. 1990) (holding that the verdict entered in favor of the plaintiff should be offset by the benefits paid to the plaintiff under a self-funded plan); *Folkestad v. Burlington Northern, Inc.*, 813 F.2d 1377 (9th Cir. 1987) (same); *Clark v. Burlington Northern, Inc.*, 726 F.2d 448 (8th Cir. 1984) (same); *CSX Transportation, Inc. v. Williams*, 230 Ga. App. 573 (1998) (same).

Plaintiff's second argument is that any setoff should be reduced pursuant to

---

[3] To the extent the Court has any question regarding the authenticity of the Supplemental Sickness Benefit Plan or whether the Plan is self-funded, Norfolk Southern respectfully requests leave to file an affidavit in support of its Motion.  Doing so will not only prevent Norfolk Southern's Motion from being decided on the basis of a purported technical defect, but will conserve judicial resources, as Norfolk Southern will otherwise be required to pursue recovery of the benefits through other means.

O.C.G.A. § 33-24-56.1 and/or the common fund doctrine. Neither rule applies to this FELA case. O.C.G.A. § 33-24-56.1 does not apply to this case because the Supplemental Sickness Benefit Plan is a self-funded plan. As the United States Supreme Court has held, self-funded ERISA plans are exempt from state laws that regulate insurance. *FMC Corp. v. Holiday*, 498 U.S. 52, 62 (1990); *Brown & Williamson Tobacco Corp. v. Collier*, 2010 WL 1487772, *4 (M.D. Ga. April 13, 2010); *Summerlin v. Georgia-Pacific Corp.*, 366 F.Supp.2d 1203, 1207-09 (M.D. Ga. 2005). In *Collier*, this Court held that a self-funded ERISA plan was exempt from O.C.G.A. § 33-24-56.1. Accordingly, the setoff that Norfolk Southern is entitled to for the supplemental sickness benefits received by Plaintiff should not be reduced pursuant to O.C.G.A. § 33-24-56.1.

The setoff should also not be reduced pursuant to the common fund doctrine. Plaintiff contends that a self-funded ERISA plan must unambiguously disclaim the common fund doctrine and cites *Zurich American Insurance Company v. O'Hara*, 604 F.3d 1232 (11th Cir. 2010) as support. There, the Court stated in a footnote that the common fund doctrine was not applicable because the plan unambiguously disclaimed it. *Id*. at 1237 n.4. However, the Court did not hold that a plan must unambiguously disclaim the common fund doctrine to avoid its application, and the cases cited by the Court show that the standard for avoiding application of the common fund doctrine is much lower. *Id*.

For example, in *Health Cost Controls v. Isbell*, 139 F.3d 1070, 1072 (6th Cir. 1997), the Court held that the common fund doctrine did not apply because the plan did not provide the beneficiary with "an affirmative contractual right ... to a setoff for legal

6

costs attributable to recovering the amount of the medical benefit."  In *Ryan v. Federal Express Corp.*, 78 F.3d 123, 127-28 (3rd Cir. 1996), the Court held that the plan would not be unjustly enriched if the plan was not required to pay a pro-rata share of the beneficiary's attorney's fees.  The Court explained that "it would be inequitable to permit the Ryans to partake of the benefits of the plan and then, after they had received a substantial settlement, invoke common law principles to establish a legal justification for their refusal to satisfy their end of the bargain" *Id*.  Finally, in *Wal-Mart Stores, Inc. v. Shank*, 500 F.3d 834 (8th Cir. 2007), the Court denied the beneficiary's request for attorney's fees because the plan stated that it would be reimbursed in full from any payment to the beneficiary.  The Court stated that "federal courts lack authority to fashion a rule of federal common law that conflicts with the written plan and that is unnecessary to achieve the purposes of ERISA."

      Here, the Plan does not provide Windom with an affirmative right to recover his attorney's fees.  However, it does provide that all benefits will be deducted from any payment made to Plaintiff in any case involving a claim for lost wages. (Exhibit "D," p.18) ("if benefits are paid under this Plan, the benefits will be deducted from any payment made in any case involving a claim for loss of wages and in which the employer or a third party may be liable for the injury ...").  Accordingly, this Court should enforce the Plan and its terms that Plaintiff's union agreed to and reject Plaintiff's argument that the setoff should be reduced.

      Plaintiff's final argument is that there is a contradiction in the exhibits submitted by Norfolk Southern.  Assuming for the sake of argument that Plaintiff is correct, the Plan

controls the parties' rights and liabilities.  The e-mail between Aetna, the plan administrator, and Tom Birmingham, Norfolk Southern's District Claim Agent, does not, and cannot, change the terms of the Plan, especially since Plaintiff was not even a party to the communication.  Simply stated, the Plan controls the parties' relationship and requires that a full offset be allowed for the benefits that were provided to Plaintiff.  Plaintiff received substantial benefits under the Plan, and he should now be required to comply with the terms of the Plan.

### III.   CONCLUSION

Norfolk Southern respectfully requests that the Court enter an Order declaring that the judgment entered in favor of Plaintiff has been satisfied in light of the $955.00 that is owed for RRTA taxes, the $6,223.23 that is owed to satisfy the Railroad Retirement Board reimbursement, and the $19,858.00 that is owed to Aetna for the supplemental sickness benefits received by Plaintiff.

This 9th day of November, 2012.

/s/ Mark E. Toth
Mark E. Toth
Ga. Bar Number: 714727

/s/ Amanda M. Morris
Amanda M. Morris
Ga. Bar Number: 141676

/s/ Walker S. Stewart
Walker S. Stewart
Ga. Bar Number: 221715
Attorneys for Defendant Norfolk Southern
Railway Company
Hall, Bloch, Garland & Meyer, LLP
577 Mulberry Street, Suite 1500
P. O. Box 5088
Macon, GA 31208-5088
Telephone: (478) 745-1625
Facsimile: (478) 741-8822
Email: amandamorris@hbgm.com
marktoth@hbgm.com
walkerstewart@hbgm.com

I certify that the originally executed document contains the signatures of all filers indicated herein and therefore represents consent for filing of this document.

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the foregoing **Defendant Norfolk Southern Railway Company's Reply Brief In Support Of Motion To Satisfy Judgment On Jury Verdict Entered August 3, 2012** upon Plaintiff's counsel of record by depositing a copy of same in the United States Mail with adequate postage thereon to insure delivery as follows:

Andrew Lampros, Esq.<br>
COOK, HALL & LAMPROS, LLP<br>
1230 Peachtree Street, NE, Suite 3700<br>
Atlanta, Georgia 30309

This 9th day of November, 2012.

/s/ Mark E. Toth
Mark E. Toth
Ga. Bar Number: 714727
Attorney for Norfolk Southern Railway Company

Hall, Bloch, Garland & Meyer, LLP
577 Mulberry Street, Suite 1500
P. O. Box 5088
Macon, GA 31208-5088
Telephone: (478) 745-1625
Email: marktoth@hbgm.com