# IN THE CIRCUIT COURT OF THE STATE OF OREGON

# FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| DAVID C. NIELSEN, | ) | |
| | ) | |
| Plaintiff | ) | 0807-10580 |
| | ) | |
| vs. | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION TO SATISFY AWARD |
| | ) | |
| BNSF RAILWAY Co., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

After a trial in which the plaintiff was awarded lost wages in the amount of

$364,750.00, the defendant paid the plaintiff that amount less $12,863.28. The reduction was

alleged by the defendant to be the required plaintiff's share of the Railroad Retirement Tax Act

(RRTA) obligation created by the payment of the wages. The plaintiff disputed the necessity of

the payment and refused to acknowledge that the judgment had been satisfied. The defendant

then sought the help of the court under ORS 18.235, which allows a defendant to seek an order

declaring a judgment to have been satisfied even over the objection of the judgment creditor.

A hearing was held. After the hearing, the court asked the parties to review the

instructions given to the jury regarding the determination of an appropriate amount of back

wages. Based on the responses to the court's questions and the court's review of the law and the

file, the court concludes that the issue in dispute here is not resolved by the language of the

instructions or the trial arguments of counsel.

The court rejects the plaintiff's contention that the termination of his employment

prior to the payment eliminates the defendant's obligation to make the required deduction and

contribution. Nor does the court find it helpful to determine whether the payment of the

additional RRTA money will have any effect on the benefits that will be paid to the plaintiff in

1 – ORDER GRANTING DEFENDANT'S MOTION TO SATISFY AWARD

EXHIBIT A

the future. Regardless of the impact of the additional money on the benefits paid, the statutes require the railroad to make the deduction it made.

The court concludes that the award is income within the meaning of the RRTA, and that the deduction and payment to the IRS of the $12,863.28 is required by federal law and that, therefore, a satisfaction of the judgment is appropriate.

As to the payment of the interest on the judgment, the court finds that the correct number of days at issue is twelve (as the defendants now admit) rather than the thirteen days claimed by the plaintiff (or the eleven originally paid for by the defendants). Therefore the plaintiff is owed one day of interest.

DATED this 5th day of March, 2012.

_____
Edward J. Jones,
CIRCUIT COURT JUDGE

2 – ORDER GRANTING DEFENDANT'S MOTION TO SATISFY AWARD